The People of the State of New York, Respondent, *v.* The Milk Exchange, (Limited), Appellant.

*Court of Appeals, April 19, 1892.*

1. *Corporation. Dissolution,*—Where a corporation has never exercised its powers or franchises and such non-user is willful and without justification, and its officers have conspired to do other and illegal acts under cover of the corporation, an action by the attorney-general is maintainable, under leave of the court, to dissolve the corporation, though it is a private corporation.
2. *Pleading. Demur.*—A complaint, stating such facts, is not demurrable.

Appeal from judgment of the supreme court, general term, fourth department, affirming interlocutory judgment overruling demurrer to the complaint.

This was an action brought to dissolve the defendant corporation.

The complaint after stating the due incorporation of defendant for the " buying and selling of milk, the purchase of dairies of milk, and the sale of the same to milk dealers," alleged that defendant had up to the present time neglected

to act as a corporation for the purpose set forth in its charter and set forth in its statement in the original certificate filed or for any lawful purpose ; that it was fraudulently and unlawfully incorporated for purposes other than that named in its said certificate ; that such incorporation was had in pursuance of a fraudulent, unlawful and corrupt combination and scheme on the part of the dealers of milk in the city of New York to control the market price of milk.

That the stockholders had enacted by-laws by which the board of directors were authorized to fix the market price at which milk should be purchased by the individual stockholders, and if any stockholder failed to abide thereby the directors were given power to declare his stock forfeited ; that the said board of directors had so controlled the price ; that the defendant had engaged in no business authorized by its incorporation, had declared no dividend, and that its sole business had been to wrongfully and unlawfully control and fix the market price at which milk should be purchased, to control the market price of milk and to strangle and prevent general competition in the purchase and sale thereof and enhance the price thereof to the consumer, and had unlawfully employed agents to carry out its said purposes, etc.

The second cause of action repeated the allegations of the first and named certain dates upon which defendant had assumed to so fix the market price of milk.

*Alfred Ely*, for appellant.

*S. W. Rosendale*, attorney-general, for respondents.

PECKHAM, J.—The defendant demurs to the entire complaint on the ground that it does not state facts sufficient to constitute a cause of action. A separate demurrer is also interposed to both the first and the second counts on the ground that neither states facts sufficient to constitute a cause of action.

I think the complaint states with sufficient fullness and certainty that the corporation has never exercised its powers or franchises since it was incorporated, and that such failure or non-user was wilful and without justification. Upon this point the general allegations of conspiracy to do other and alleged illegal acts under cover of the corporation are sufficient to show that the failure to exercise its privileges, or to do the business for which it was formally incorporated, .was not such a failure by defendant as might be harmless, or overlooked by the state, but constituted within all decisions a proper ground of action by the attorney-general, under leave of the court, for the purpose of obtaining a decree dissolving the company. Although it is a private corporation, where a non-user of the character alleged in this complaint is shown, it is to the public interest that the corporation should be dissolved. This would lead to the affirmance of the judgment overruling the demurrer to the whole complaint. There is enough stated in each of the separate causes of action to make it necessary to overrule the demurrer thereto on the same ground as is taken in disposing of the demurrer to the whole complaint.

The second cause of action re-states all that is contained in the first, and adds something more, and claims the whole to constitute a separate ground of forfeiture.

The second count shows the same non-user as the first, but there are added certain other allegations as to unlawfully fixing the price of milk and unlawfully limiting the supply thereof, which would furnish additional reasons for the forfeiture under the non-user clause in the statute. These might be set up in a separate count, although not probably necessary in order to permit of proof being given in regard thereto if set up in the first count.

It is claimed, however, that these allegations of unlawfully fixing the price and limiting the supply of milk are of such a nature as to warrant a forfeiture and dissolution in and of themselves. It might be said that if these acts were

unlawful, as alleged, then the defendant had no right to perform them. But the allegation as to illegality is in such a case a conclusion of law, and not admitted by the demurrer. Under the charter of defendant they might be claimed to be unauthorized, and hence proper to be alleged as acts which showed the character of the non-user of the actual franchises given by the charter, and that such non-user was willful and wrong, and, therefore, it was good ground for enforcing the forfeiture.

Whether an agreement in regard to the price or one looking towards the limiting, to some extent, of the supply of an article, must necessarily be illegal under any and all circumstances, we do not decide upon this demurrer. The proper determination of such a question will be the more easily arrived at after a trial, when the evidence is in and the facts and inferences therefrom duly found, and after opportunity for full discussion thereon has been given to all sides.

It is one of great importance, involving the right to agree as to price or as to the limitation of the supply of an article under any circumstances, and we think it better to leave such question untouched by this decision.

As each count in the complaint states a good cause of action, the judgment must be affirmed, with costs, with leave to defendant to answer on payment of costs, etc.

All concur, except MAYNARD, J., not sitting.

---

NOTE.

See further, Matter of Brooklyn E. R. R. Co., 125 N. Y. 434; People v. Atlantic A. R. R. Co., Id. 513; People v. Broadway R. R. Co., 126 Id. 29; People v. N. & D. R. R. Co., 128 Id. 240; Moore v. B. C. R. R. Co., 108 Id. 98; Day v. O. & L. C. R. R. Co., 107 Id. 129; Matter of Kings Co., E. R. R. Co., 105 Id. 97; People v. Lowe, 117 Id. 175; People v. Ballard, 56 Hun, 125; People v. North R. S. R. Co., 121 Id. 582; People v. Equity Gas-Light Co., 32 N. Y. St. Rep. 1128; Matter of I. & G. Exchange, 132 N. Y. 212.